Minshall, J.
These two cases are so connected that the disposition of one necessarily disposes of the other, as will hereafter appear.
In Robinson et al., Trustees, v. David E. Williams et al., the original suit was commenced January 28, 1897, in the common pleas of Franklin county by Williams against DeWitt C. Postle, assignee and others, to foreclose a mortgage on the property described in the petition, and to enjoin its sale by the assignee under an order made by the probate court of the county in the matter of the assignment of Lewis F. Postle, that had been made in Union county, the residence of the assignor, August 15, 1895. The mortgage had been made January 12, 1891, by Lovegrove and wife, then owners of the land, to one Keim to secure a note of $2,000 and interest, and by him assigned for a valuable consideration to Williams. The principal and part of the interest was due at the commencement of the suit. No question is made as to the validity of the mortgage, or as to the priority of its lien on the land. After the execution of the mortgage, the mortgagors, Lovegrove and wife, on August 17,1894, sold and conveyed the land to Lewis F. Postle, who assumed the mortgage, and shortly afterwards platted the land into lots and streets, and made of it two additions to the city of Columbus. In the second addition a one-fourth of an acre was reserved. The land embraced in the streets *407 amounted to some three acres. He was unable to sell any of the lots, except two, became embarrassed and made an assignment to DeWitt C. Postle. He, the assignor, being at the time a resident of Union county, the assignee filed the same in the probate court of that county on August 15, 1895; and on the same day filed a duplicate thereof in the probate court of Eranklin county. Postle, assignee, obtained an order from the probate court of Franklin county, and was about to sell the land as assignee, when this suit was commenced by Williams. It may be observed that this order was of no avail, as the probate court of Franklin county had no jurisdiction of the matter of the assignment. For the purpose of obtaining an injunction, the plaintiff averred, in addition to the fact that the assignment did not and could not, include all the property covered by the mortgage, that the property is ordered and advertised to be sold in lots as platted; that there is now no market for the premises as subdivided into lots, and that as platted the lots are not desirable, having but a short frontage on High street; that two years have elapsed since the additions were made, and only two of the lots had been sold, having been conveyed back to the Lovegroves in part payment of the purchase money; but that if they are offered for sale under the mortgage as an entirety, there will be a much better chance to find a purchaser; and that great and irreparable injury will be done him by a sale by the assignee, under the circumstances. An injunction was allowed as prayed for.
Afterwards on May 8, 1897, Postle, assignee, having been removed, and Robinson and McCoy appointed trustees, the latter entered their appearance to the action, and moved to dissolve the injunction on the ground that the court had no jurisdiction. This motion was overruled. They afterwards, on July 7, 1897, filed an answer, averring that the court had no jurisdiction; and that on May 5, 1897, they had *408 commenced an action in this court, the Franklin county common pleas, asking for an order of sale of the land by themselves as trustees; and prayed that the action of the plaintiff be dismissed. A demurrer to this answer was sustained. The trustees excepted, and not desiring to plead further, the court ascertained the amount due the plaintiff on his mortgage, and made the usual order of sale to be executed by the sheriff, and requiring him to report his proceedings to the court for its further order.
On error to the circuit court this judgment was affirmed; and error is prosecuted here to reverse the judgment on the ground that the court had no jurisdiction.
The case presents this question: Whether the common pleas had jurisdiction of the suit to foreclose the mortgage, it having been commenced after the assignment had been made in Union county? Quite general powers are conferred by section 6351, Revised Statutes, in connection with sections 6350f and g. on probate courts in administering assignments for the benefit of creditors, where they have jurisdiction of the matter of the assignment. But general as they are, they do not preclude the common pleas, in proper cases, from exercising any of its power as a court of general jurisdiction at law and in equity, when necessary to afford relief to a party that cannot be afforded in a proceeding in the probate court, or so fully and amply as right and justice requires. Dwyer v. Garlough, 31 Ohio St., 158. It is supposed that the rule of this decision has been abrogated by the act of March 24, 1891 (88 Laws, 181). It will be observed, however, that section 6350/ only empowers the court to order a sale of the assigned land free of dower, where the wife, on being made a party “elects” to take the value of her contingent right of dower in money. There is no power to compel her to do so in invitum. And it will be further observed, that section 6350<7 applies to a case only where the *409 assignor and Ms wife have jointly executed a mortgage upon any of the real estate assigned, or the husband has executed a purchase money mortgage. Whether under the latter section the wife’s contingent right of dower can be divested against her consent by a proceeding in the probate court (as it might be to her interest to redeem) need not be considered here, as no such question is presented in this case. It thus appears that the principle of the above decision remains unimpaired, and applies to this case. The probate court is one of limited jurisdiction; it has such powers, and such only, as the statute confers on it. No general power is conferred on it to cause the sale of lands, not the property of the assignor. Here certain of the lots covered by the mortgage as well as the streets of the additions were not included in the assignment, and could not have been as they did not belong to the assignor at the time of the assignment. Justice does not require that the mortgagee should, in such case, wait until so much of his security as is included in the assignment, has been disposed of, before resorting to that not contained in the assignment; nor that he should be compelled to divide up his remedy by becoming a suitor in two courts instead of one. He had the right, therefore, to resort to the court that could give him a full and complete remedy in one suit.
It follows that the judgment in both cases should be affirmed. For, conceding that in the suit subsequently commenced by the trustees in the common pleas, the mortgagee might have obtained an order for the sale of all the land, including the streets, covered by his mortgage by filing a cross-petition and asking for a sale under his mortgage, still, as his suit .had been rightly commenced, the commencement of another suit by the trustees in the same court, however adequate the remedy as to him might have been, could not affect the jurisdiction of the court in the suit previously commenced by himself. *410 The view taken of the case renders it unnecessary to consider the question, at what time the probate court acquires jurisdiction in the matter of an assignment to the exclusion of all other courts, whether it is from the filing of the deed of assignment, or from the qualification of the assignor as required by statute; for, in any case, where the relief that may be had in the probate court is not adequate, the common pleas has jurisdiction.
The superior excellence of a court of general jurisdiction like our common pleas, resides in the fact that whatever the case may be, there will not in general be a failure of justice from the want of power in the court to hear and determine. Its jurisdiction is in all cases easily determined. It possesses all the powers of a court of justice that are not expressly denied to it, or exclusively given to some other tribunal, and in all questions of doubt, jurisdiction is resolved in its favor. Judgment in both cases

Afibrmed.